SCOTT E. BRADFORD OSB#062428
United States Attorney
District of Oregon
**PAUL T. MALONEY, OSB #013366**
Assistant United States Attorney
Paul.Maloney@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:25-mj-00189 |
| v. | |
| **RILEY FREEMAN,** | **UNOPPOSED MOTION FOR PROTECTIVE ORDER PERTAINING TO DISCOVERY** |
| Defendant. | |

The United States of America hereby moves this Court for a protective order pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, seeking to prevent the dissemination or misuse of discovery material containing sensitive information as further described below. Counsel for defendant does not object to this motion. In the interest of providing timely discovery to the defendant, the government respectfully requests that the Court enter the accompanying order.

The discovery material in this case includes sensitive information, including law enforcement information such as: names, addresses, phone numbers, and badge numbers.

In light of the nature of the crimes charged, and the sensitive information included in the discovery material, the government respectfully requests that the Court order that counsel of record not copy or disseminate, to anyone except members of the defense team and those persons employed by defense counsel who are necessary to assist counsel in preparation for trial or other proceedings, discovery material produced by the government which contains: (a) personal identifying information of any law enforcement officer, including without limitation, any individual's name, address, telephone number, or badge number ("Law Enforcement Information"); <u>unless defense counsel first redacts the Law Enforcement Information from the discovery material</u>.

Given the sensitive nature of the discovery material, the government also moves that the Court order that counsel of record shall not provide discovery materials to any persons other than the defendant, the defense team, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the materials as necessary to prepare the defense, but they may not retain copies without prior permission of the Court.

This Order does not apply to materials that:

a. are, or later become, part of the public court record, including materials that have been received in evidence in this or other public trials or hearings;

b. were derived directly from defendant or that pertain solely to defendant. Examples of such materials include defendant's own financial records, telephone records, digital device downloads, social media records, electronic communications, arrest records, and statements to law enforcement; and

c. materials that the defense obtains by means other than discovery.

///

**Unopposed Motion for a Protective Order**              **Page 2**

These restrictions should not hinder the defendant's ability to prepare for trial and will protect others from potential harassment or exposure to misuse of their personal or other information. Defense counsel, however, should be free to raise any issues regarding this protective order during the course of this litigation should this order impact their representation.

For the foregoing reasons, the government respectfully requests that the Court enter the proposed Protective Order Pertaining to Discovery.

Dated: August 28, 2025

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

PAUL T. MALONEY, OSB #185047
Assistant United States Attorney