Ellie Riegel, OSB #221879
Assistant Federal Public Defender
Email: Ellie_Riegel@fd.org
101 SW Main Street, Suite 1700
Portland, OR 97204
Tel: (503) 326-2123
Attorney for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:25-cr-00389-IM-1 |
| Plaintiff, | |
| v. | DEFENDANT'S SENTENCING MEMORANDUM |
| RILEY FREEMAN, | |
| Defendant. | |

      Defendant, Riley Freeman, through their counsel Ellie Riegel, respectfully submits this Memorandum for the Court's review and consideration in determining a reasonable sentence that is "sufficient, but not greater than necessary," as required by 18 U.S.C. § 3553(a). On October 24, 2026, Ms. Freeman pleaded guilty to three counts of simple assault on a federal officer in violation of Title 18, United States Code, Section 111(a)(l), a Class A misdemeanor. A sentencing hearing is currently scheduled for February 20, 2026.

      As the Supreme Court notes, there are four identified purposes to sentencing: just punishment, deterrence, protection of the public, and rehabilitation. *Dean v. United States,* 137 S. Ct. 1170, 1175 (2017); 18 U.S.C. 3553(a)(2)(A)-(D). Meanwhile, all four sentencing purposes

must be considered in light of the "parsimony principle, a broad command that instructs courts to 'impose a sentence that is sufficient, but not greater than necessary, to comply with' the four identified purposes of sentencing[.]" *Id.* (citing 18 U.S.C. § 3553(a)).

In arriving at a sentence that is sufficient but not greater than necessary, 18 U.S.C. § 3553(a) requires a court to consider the nature and circumstances of the offense, the history and characteristics of a defendant, the kinds of sentences available, and the sentencing range established by the advisory United States Sentencing Guidelines. 18 U.S.C. § 3553(a)(1), (3)-(7); *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *United States v. Booker*, 543 U.S. 220 (2005).

Here, the parties have agreed that a base offense level of 10 applies to Ms. Freeman's conduct. *See* United States Sentencing Guidelines (USSG) § 2A2.4. Because Ms. Freeman has accepted responsibility for their conduct, the parties have also agreed to a two-level reduction pursuant to USSG § 3E1.1. Thus, the total offense level is 8, and the advisory guideline range is 0 to 6 months imprisonment.

Ms. Freeman objects to US Probation's application of a three-level enhancement under U.S.S.G. § 2A2.4(b)(1)(B). The enhancement under U.S.S.G. § 2A2.4(b)(1)(B) applies when "a dangerous weapon (including a firearm) was possessed and its use was threatened." A dangerous weapon is defined as "(i) an instrument capable of inflicting death or serious bodily injury; or (ii) an object that is not an instrument capable of inflicting death or serious bodily injury but (I) closely resembles such an instrument; or (II) the defendant used the object in a manner that created the impression that the object was such an instrument (e.g., a defendant wrapped a hand in a towel during a bank robbery to create the appearance of a gun)." U.S.S.G. § 1B1.1(E). This enhancement does not apply to Ms. Freeman's conduct.

First, the parties did not include the enhancement for a dangerous weapon in the plea agreement, and the government does not intend to seek this enhancement at sentencing. It is the government's burden to prove the factors enhancing a sentence by a preponderance of the evidence. *United States v. Romero-Rendon*, 220 F.3d 1159, 1160 (9th Cir. 2000). Because the government is not seeking this enhancement, Ms. Freeman respectfully requests that the Court not apply it to Ms. Freeman's guideline calculations.

Second, even if the government sought this enhancement, the device used by Ms. Freeman, and the manner in which they used it, does not qualify as a dangerous weapon. The smoke device was manufactured by Enola Gaye, which describes their products as "perfectly safe for general consumer use" and "specifically designed with everyday consumers in mind."[1] Enola Gaye also markets their devices to photographers and filmmakers, and recommends their use for weddings, gender reveal parties, and sporting events. The website specifically states that these products "do not explode and have been designed for safe use without damage or injury to persons and property." Instead, these devices are designed to emit colorful smoke and create "captivating colorful effects."

Based on these statements, Ms. Freeman reasonably believed that the device would emit smoke, and nothing more. The device is not designed to explode, and Ms. Freeman never intended nor thought that it would erupt in flames. Ms. Freeman did not intend to hit any officers with the device nor harm anyone by throwing it. It is not clear why the device sparked and erupted in flames, but it certainly did not behave the way the manufacturer nor Ms. Freeman expected it to. Under these circumstances, the smoke device does not qualify as a deadly

---

[1] https://store.enolagaye.com/us/

weapon, and the three-level enhancement does not apply. Consistent with the parties' agreement, Ms. Freeman respectfully requests that the Court find that the total offense level is 8, and the advisory guideline range is 0 to 6 months imprisonment.

Ms. Freeman regrets their conduct and has learned from their arrest and conviction. They did not intend to cause any harm. Considering the particular circumstances of this case and all of the relevant aspects of Ms. Freeman's history, Ms. Freeman respectfully requests that this Court impose a 60-day term of home confinement, 30 hours of community service, and one year of supervised release.

Dated: February 17, 2026.

*s/ Ellie Riegel*
Ellie Riegel, OSB #221879
