SCOTT E. BRADFORD, OSB#062824
United States Attorney
District of Oregon
**PAUL T. MALONEY, OSB #013366**
Paul.Maloney@usdoj.gov
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 25-cr-00389-IM |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **RILEY FREEMAN,** | |
| **Defendant.** | |

Defendant has pled guilty to three counts of simple assault on a federal officer, 18 U.S.C. § 111(A)(1), a class-A misdemeanor. The government is recommending a sentence of 60 days imprisonment, 12 months' supervised release with a special condition that defendant is prohibited from entering the area surrounding the Immigration and Customs Enforcement (ICE) Building in Portland, Oregon, a $75 special assessment ($25 per count), and 15 hours of community service.

The government recommends this sentence because it proportional to defendant's conduct, accounts for defendant's history and characteristics, and avoids unwarranted sentencing disparities. The recommended sentence therefore achieves the goals of sentencing.

**Government's Sentencing Memorandum**          Page 1

I.     PROCEDURAL POSTURE

   A.     The Charges and Plea Agreement

On July, 4, 2026, defendant was arrested and charged by a complaint alleging felony assault on federal officer with a dangerous weapon, and possession of an unregistered firearm (destructive device) in violation of 18 U.S.C. § 111(a)(1) and (b) and 26 U.S.C. § 5861(d). Following his initial appearance, defendant was released on conditions that prohibited them from entering the area surrounding the ICE Building in Southwest Portland, Oregon.

On October 24, 2025, defendant waived indictment and pled guilty to a three-count information alleging simple assault on a federal officer pursuant to a plea agreement. As part of this agreement, the government has agreed not to file any additional charges against defendant on the known facts arising from this investigation.

The government agreed to recommend the court impose 60 days' confinement, one year of supervised release (or probation if no jail is imposed), 15 hours of community service and payment of the $75 fee assessment ($25 per count of conviction), and abide by all the mandatory conditions of probation (USSG § 5D1.3(a)(1)-(8), and a discretionary condition of probation that defendant is specifically prohibited from entering the area bounded by South Gaines Street to the North; South Boundary Street to the South; Southwest Terwilliger to the West; and the Willamette River to the East. Defendant may use I-5 to transit the exclusion area so long as defendant does not depart the freeway or stop within the exclusion area. USSG § 5D1.3(b).

Under the terms of the agreement, defendant may argue for any lawful sentence within the calculated guideline range.

   B.     The Pre-Sentence (PSR) Guideline Calculation

A PSR was ordered. Pursuant to the plea agreement, the parties agree that defendant's relevant conduct carries a base offense level of 10, USSG § 2A2.4. Defendant may receive a two-point reduction contingent on them taking responsibility. The Court may impose any sentence authorized by statute. The statutory maximum for this crime is 12 months' imprisonment.

C.  **The Government's Recommended Sentence**

Pursuant to the plea agreement, the government has agreed to recommend 60 days imprisonment, followed by one year of supervised release. Alternatively, if no imprisonment is ordered, the government recommends a term of probation with 15 hours of community service. The recommended sentence is sufficient but not more than necessary to serve the purposes of sentencing. The government recommends a special condition of supervision (or probation if ordered) prohibiting defendant from entering the area bounded by South Gaines Street to the North; South Boundary Street to the South; Southwest Terwilliger to the West; and the Willamette River to the East, excluding travel along the I-5 within that area.

This sentence reflects the seriousness of defendant's conduct, considers defendant's history and characteristics, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public from further crimes of defendant, is consistent with the federal sentencing guidelines, avoids unwarranted sentence disparities, and is sufficient but not more than necessary to achieve the goals of sentencing for defendant's crimes.

II. **ARGUMENT**

Beginning in early June 2025, protesters were assembling in front of and around the Immigration and Customs Enforcement (ICE) building in the South Waterfront neighborhood of

Portland, Oregon. The ICE building is located at 4310 SW Macadam Avenue, with access to the building on South Boundary Street.

The area is graffitied with veiled threats, such as "We Got the Guillotine," and demands that law enforcement commit suicide.



During daylight hours, some of the attendees at the demonstration have harassed both people entering and leaving the facility by following them with cameras making disparaging remarks and threatening statements, including stating that that they know where the individual lives or that they will find them.

On the night of July 4, a crowd gathered in the driveway of the ICE building. Federal officers repeatedly directed the crowd to clear the driveway so vehicles could depart. Officers gave several announcements that the premises were closed and that those found on the property would be subject to arrest, members of the crowd failed to comply with the directions to depart.

At approximately 11:16 p.m., federal officers deployed to clear the trespassers. While performing their official responsibilities, defendant threw two devices, pictured below:



Defendant tossed the first device into the driveway, where it emitted black smoke. Defendant tossed the latter device at the feet of three officers. It caught fire in close proximity to the three Victim Officers.



Law enforcement officers seized the device that had burst into flames, and discovered it appeared to be a commercially available smoke bomb. Each device contained a warning not to use the device within six feet of people. An employee with the manufacturer opined that the second device did not perform as designed. Defendant was identified by his clothing and the backpack he wore that had distinctive reflective tabs on the shoulder straps.

    A.    A Term of Confinement, followed by 12-Months of Probation is Warranted

The recommended sentence in this case recognizes the seriousness of the offense, provides just punishment, and sets forth appropriate conditions to protect the community from further crimes by defendant. The government's recommendation is a considered and measured recommendation which avoids sentencing disparities among similarly situated defendants. Further reductions are not warranted.

The seriousness of defendant's conduct is self-evident. Defendant threw a smoke bomb into a crowd of federal officers who were working to clear federal property from trespassing protestors. The device he threw burst into flames as the officers were advancing. The officers broke from their formation out of fear for their safety and to avoid the fire. Luckily, no one was injured.

A term of 60 days imprisonment will send a powerful message to defendant and others who engage in protest related violence.

The government is unaware of defendant violating the any condition of pretrial release, including the requirement to stay away from the area surrounding the ICE building. The government recommends the Court continue this prohibition as a special condition of probation.

## VI.     CONCLUSION

Based on the forgoing, the government recommends that this Court impose a sentence of 60 days confinement and one year (12 months) probation, order defendant to pay a $75 fee assessment, and abide by all the mandatory conditions of probation (USSG § 5D1.3(a)(1)-(8), and the agreed upon discretionary condition of probation (USSG § 5D1.3(b)) that defendant is specifically prohibited from entering the area bounded by South Gaines Street to the North; South Boundary Street to the South; Southwest Terwilliger to the West; and the Willamette River to the

East. Defendant may use I-5 to transit the exclusion area so long as defendant does not depart the freeway or stop within the exclusion area.

The government further recommends all the standard conditions of probation pursuant to USSG § 5D1.3(c)(1)-(13) as recommended in the presentence report.

Dated: February 17, 2026.

Respectfully submitted,

SCOTT E. BRADFORD,
United States Attorney

PAUL T. MALONEY, OSB #013366
Assistant United States Attorney